Sheldon E. Richie, Texas Bar No. 1687700
Admitted Pro Hac Vice
Katherine J. Walters, Texas Bar No. 00785174
Admitted Pro Hac Vice
Richie & Gueringer, P.C.
100 Congress Avenue, Suite 1750
Austin, Texas 78701
Telephone: 512-236-9220
Facsimile: 512-236-9230
Email: srichie@rg-austin.com, kwalters@rg-austin.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| RAMBLER AIR, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MONOCOQUE DIVERSIFIED ) | |
| INTERESTS, LLC ) | |
| ) | |
| Defendant ) | Case No. 3:21-cv-00235-JMK |
| ) | |

**DEFENDANT'S MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE, MOTION TO ABSTAIN**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Monocoque Diversified Interests, LLC and moves the Court to transfer venue of this case to the Western District of Texas or alternatively, abstain from exercising jurisdiction relative to the Complaint filed

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                 Page 1 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 1 of 19

by Rambler Air, LLC pursuant to the *Colorado River* doctrine and in support thereof, would show the Court as follows.

1.   On or about September 13, 2021, MDI filed suit in Texas state court against Rambler Air, LLC and others based upon a series of transactions related to the contract upon which Rambler sues here. On or about October 22, 2021, Monocoque Diversified Interests, LLC ("MDI") was served with Rambler Air, LLC's ("Rambler") Complaint in this case.

2.   The original case is on-going in Texas and the claims asserted by Rambler in this case constitute compulsory counterclaims in the Texas matter. Venue is proper in Texas as many of the facts and circumstances underlying this matter occurred in Austin, Travis County, Texas. One example is the visit by Chris Jamroz to Mary Alice Keyes in Texas. Mr. Jamroz represented to Ms. Keyes that he was the Chairman of the Board of Ascent Global Logistics and was visiting her in Austin, Texas on behalf of Active Aero Group, Inc., Arctic On-Demand, LLC, Rambler Air, LLC and Hageland. Mr. Jamroz represented to Ms. Keyes that he "called the shots on all of MDI's relationships" with USA Jet Airlines, Inc., Rambler Air, LLC, Arctic On-Demand, LLC, Roadrunner Transportation Systems, Inc., Ascent Global Logistics Holdings, Inc. and Active Aero Group, Inc. Other communications were also directed to Texas, such that

Richie & Gueringer, P.C.
100 Congress Avenue, Suite 1750
Austin, Texas 78701
Telephone (512) 236-9220, Facsimile (512) 236-9230

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                                           Page 2 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 2 of 19

venue is proper in Texas.

## This Case Qualifies for Transfer to the Western District of Texas Under 28 U.S.C. § 1404(a).

### A. The standard for change of venue under Section 1404(a)

3. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A defendant moving for a venue transfer under Section 1404(a) bears the burden of proving that a change of venue is warranted and must show good cause for the transfer. *Id.* at 315. To do so, the defendant must demonstrate that the action could have been brought in the suggested venue and also clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice. *Id.* "When the movant demonstrates that the transferee venue is clearly more convenient, . . . it has shown good cause and the district court should therefore grant the transfer." *Id.*

4. The Ninth Circuit has adopted the private interest factors and public interest factors in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947), for determining whether a Section 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice. *Fresh Results, LLC v. ASF Holland, B.V.,*

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                 Page 3 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 3 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

921 F.3d. 1043, 1049 (11th Cir. 2019). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

### B. Venue is proper in the Western District of Texas.

5. The threshold issue of whether the Western District of Texas is a district "where the action might have been brought" is easily satisfied. Venue for Plaintiff's claims is governed by 28 U.S.C. §1391(b)(2). Section 1391(b)(2) provides that the appropriate venue for a civil action brought in a United States district court is, *inter alia,* "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

6. For purposes of venue, a defendant that is a business is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. §1391(c)(2). In a multi-district state like Texas, a business is "deemed to

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                 Page 4 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 4 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). These Defendants are national companies doing business in every state in the United States, including Texas.

**C. Application of the private interest factors weighs in favor of a transfer to the Western District of Texas.**

i. The Relative Ease of Access to Sources of Proof

7. "The first private interest factor, relative ease of access to sources of proof, weighs in favor of transfer when evidence could be more readily accessed from the proposed transferee district." *Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.,* 2015 WL 6511879, *5 (W.D. La. Oct. 27, 2015).

8. Most of the witnesses with relevant knowledge of plaintiff's claims are located in Texas. Keyes and other MDI witnesses are located in Texas. Nadeau frequently travels to Austin, Texas. Thomas Stenglein is no longer with Rambler Air, LLC and is reputed to be working within the Continental United States.

9. With respect to relevant documents, MDI's records are maintained at its headquarters in Austin, Texas, which is within the Western District of Texas. While many of MDI's records are stored electronically, any hard copies of documents are stored in Austin, Texas. Moreover, MDI can more easily access

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                                          Page 5 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 5 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

any electronic documents from one of its physical office locations. MDI has no physical office locations in Alaska or Delaware, but has an office in Austin, Texas. Thus, the first factor weighs in favor of transferring venue to the Western District of Texas.

ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

10. The second factor favors a transfer when the transferee venue would have "absolute subpoena power," or subpoena power for both depositions and trial. *MGT Gaming, Inc. v. WMS Gaming, Inc.,* 978 F.Supp.2d 647, 671 (S.D. Miss. 2013). "[T]he focus of this factor is the consideration of the availability of compulsory process to compel attendance of unwilling non-party witnesses." *Nexen,* 2015 WL 6511879, *9. Under Rule 45 of the Federal Rules of Civil Procedure, a federal court may serve a witness anywhere in the United States. FED. R. CIV. PROC. 45(b)(2). This power is limited by Rule 45(c), which provides that a subpoena may command a person to attend a trial, hearing, or deposition only if the person (1) lives, works, or transacts business within 100 miles of the courthouse; (2) resides, works, or regularly transacts business in the state where the trial is held if attending the trial would not cause the witness to incur substantial expense; or (3) resides, works, or regularly transacts business in the state where the trial is held if the witness is a party or a party's officer. FED. R.

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                         Page 6 of 19

CIV. PROC. 45(c)(1).

11. None of the witnesses with relevant knowledge of plaintiff's claims are located in Alaska or Delaware. While MDI does not believe any of its witnesses would be unwilling to testify on its behalf, in the event circumstances change, MDI anticipates that it would need subpoenas to secure their attendance at depositions or trial. None of MDI's witnesses or anticipated witnesses are within the compulsory range of the Alaska or Delaware. However, all of MDI's witnesses and anticipated witnesses are located in Texas and within the compulsory range of the Western District of Texas. Thus, the Western District of Texas is the most convenient as to compulsory process.

### iii. The Cost of Attendance for Willing Witnesses

12. The cost of attendance for willing witnesses is an important factor in determining whether to transfer venue. *Modern Am. Recycling Servs., Inc. v. Dunavant,* 2011 WL 1303136, *6 (E.D. La. March 31, 2011). Indeed, "[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994). The distance between the place where a witness lives or works and the place where the case will be tried is directly proportional to the witness's cost of

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                              Page 7 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 7 of 19

attendance at trial. *See In re Volkswagen AG,* 371 F.3d 201, 205 (5th Cir. 2004). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* 204-05.

13. MDI anticipates that JT Stenglein and Mary Alice Keyes are key fact witnesses who MDI will call to testify at the trial in this matter. These witnesses are located in the Western District of Texas. Mr. Nadeau often travels to Texas. Mr. Thomas Stenglein and Ms. Rebecca Clark are no longer employed by any of the Defendants, but it is anticipated that their testimony would be favorable to MDI.

<u>iv. Other Practical Problems</u>

14. Since the instant suit was filed less than a month ago, transfer of the case to the Western District of Texas would not unduly delay or otherwise prejudice the progress of the case. No pre-trial conference or trial date has been set. No discovery has occurred. The parties' interest in an easy, expeditious and inexpensive trial favors the Western District of Texas over Delaware or Alaska in light of Austin's proximity to the events and many of the witnesses relevant to the action. Indeed, for those witnesses not located within the Western District of

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                                          Page 8 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 8 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

Richie & Gueringer, P.C.
100 Congress Avenue, Suite 1750
Austin, Texas 78701
Telephone (512) 236-9220, Facsimile (512) 236-9230

Texas, travel to Austin is significantly shorter than travel to Delaware or Alaska. Thus, the fourth factor also weighs in favor of transfer to the Western District of Texas.

**D. Application of the public interest factors weighs in favor of a transfer to the Western District of Texas.**

i. The Administrative Difficulties Flowing from Court Congestion

15. The first public interest factor favors a district that can bring a case to trial faster. *See In re Genetech, Inc.,* 566 F.3d 1338, 1347 (5th Cir. 2009). Statistics from the Federal Judicial Caseload Statistics website indicate that a case may proceed more quickly to trial or other disposition in the Western District of Texas. Cases filed in Delaware do not proceed quickly to trial or other disposition. However, "this factor appears to be the most speculative" and such "statistics may not always tell the whole story." *In re Genentech, Inc.,* 566 F.3d 1338, 1347 (Fed. Cir. 2009) (citation omitted). When several relevant factors weigh in favor of transfer, "the speed of the transferee district court should not alone outweigh all of those other factors." *Id.*

ii. The Local Interest in Having Localized Interests Decided at Home

16. This factor analyzes the "factual connection" that a case has with the transferee venue and also with the transferor venue. *See In re Volkswagen AG,* 371 F.3d at 206. When the relevant events underlying the controversy occurred

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                                  Page 9 of 19

in the transferee venue, then a transfer is favored. *See Allen v. Ergon Marine & Indus. Supply, Inc.,* 2008 WL 4809476, *5 (E.D. La. Oct. 31, 2008). This is plainly the case here. As previously discussed, many of the underlying events occurred in Texas and within the Western District of Texas. Plaintiff's claims primarily concern breach of several agreements related to a structure devised by MDI. Except for the fact that the defendants who operate all over the country "reside" in various districts in the U.S., there are no particularly strong local interests to having this matter heard in Delaware or Alaska. As a result, this factor militates in favor of transferring venue to the Western District of Texas.

### iii. The Familiarity of the Forum with the Governing Law

17. Plaintiff's principal claim is for breach of contract in connection with several agreements: two agreements designate Texas law as the governing law and two designate Delaware. While MDI believes the Western District of Texas undoubtedly handles issues of Texas contract law more frequently and is more familiar with the nuances of Texas law; it is also likely that the courts in the Western District have more familiarity with Delaware law than Delaware courts have with Texas law.

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK       Page 10 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 10 of 19

## THE *COLORADO RIVER* ABSTENTION

18. Alternatively, this case should be stayed pursuant to the *Colorado River* abstention doctrine until final resolution of the Texas lawsuit. *Colorado River Water Consv. Dist. v. U.S.* 4245 U.S. 800, 817 (1976). Pursuant to the dictates of the United States Supreme Court in *Colorado River,* considerations of "wise judicial Administration" provide discretion for the federal court to abstain or stay exercise of its jurisdiction when there are "parallel" state court proceedings. *Colorado River,* 424 U.S. at 817-19. Indeed, the concept rests on the idea of promoting a "conservation of judicial resources," avoiding duplicative litigation, and discouraging forum shopping. *Colorado River,* 424 U.S. at 817; *St. Paul Insurance Company v. Trejo,* 39 F.3d 585 (5th Cir. 1994).

19. While a court may abstain from hearing a case under the *Colorado River* doctrine only in "exceptional circumstances," abstention can be justified in "exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest," such as considerations of "proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996) (citations and internal quotations omitted); *Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 (5th Cir. 2002). There are six factors which have been

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                    Page 11 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 11 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

developed from *Colorado River* and its progeny to assist the court in determining if exceptional circumstances exist so as to allow the court to abstain from hearing a particular action. Those six factors are: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent forum; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Stewart v. Western Heritage Ins. Co.* 438 F.3d 488, 491 (5th Cir. 2006); *see Colorado River,* 424 U.S. at 818; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23 (1983). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River,* 424 U.S. at 818-19.

A. <u>**The federal and state lawsuits are parallel.**</u>

20. For a court to abstain from exercising jurisdiction under the *Colorado River* doctrine, it first must find that the federal and state court actions are "parallel." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.,* 903 F.2d 352, 360 (5th Cir. 1990). The Fifth Circuit has held that two cases are

Richie & Gueringer, P.C.
100 Congress Avenue, Suite 1750
Austin, Texas 78701
Telephone (512) 236-9220, Facsimile (512) 236-9230

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                               Page 12 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 12 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

considered parallel if they involve the same parties and the same issues. *Diamond Offshore Co. v. A & B Builders, Inc.,* 302 F.3d 531, 538–41 (5th Cir. 2002). However, "it may be that there need not be applied in every instance a mincing insistence on precise identify of the parties and issues." *African Methodist,* 756 F.3d at 797 (citation and internal quotations omitted). In making the determination of whether there is parallelism, the court "look[s] to both the named parties and to the substance of the claims asserted in each proceeding." *African Methodist,* 756 F.3d at 797. The federal and state lawsuits in this case are undoubtedly parallel.

21. This case, between Rambler and MDI arises from the same facts and circumstances as the Texas lawsuit brought by MDI. By filing this suit in Alaska after MDI filed suit in Texas, Rambler was merely forum shopping.

**B.   Application of the *Colorado River* factors weighs in favor of abstention.**

i.  Assumption by Either Court of Jurisdiction Over a Res

22. No property or res is at issue in this case. Thus, neither this Court nor the state court in Texas has assumed jurisdiction over any res or property in this case. The absence of this factor weighs against abstention. *See Stewart,* 438 F.3d at 492.

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                    Page 13 of 19

### ii. Relative Inconvenience of the Forums

23. The second factor "primarily involves the physical proximity of [each] forum to the evidence and witnesses." *African Methodist Episcopal Church,* 756 F.3d at 800 (citation omitted). The Western District of Texas is much closer to the witnesses and documents relevant to this case than the District of Alaska. Accordingly, the second factor weighs in favor of abstention.

### iii. Avoidance of Piecemeal Litigation

24. "The real concern at the heart of the third *Colorado River* factor is the avoidance of **piecemeal** litigation, and the concomitant danger of inconsistent rulings . . . ." *African Methodist Episcopal Church,* 756 F.3d at 800 (citation omitted) (emphasis in original). Piecemeal litigation can exist when there is more than one plaintiff, one defendant, and one issue. *See Murphy,* 168 F.3d at 738.

25. While the federal and state cases are sufficiently parallel within the meaning of *Colorado River*, the actions are not merely duplicative, as there are additional claims asserted in each action. The Texas case is asserted against multiple defendants related to the agreements among the parties. The Alaska case concerns acts and omissions occurring as a result of the agreements among the parties. In light of the additional claims in each case, there is a real possibility that the parties and the courts would be faced with piecemeal litigation and

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                     Page 14 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 14 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

inconsistent judgments.

26. The third factor, the avoidance of piecemeal litigation, weighs in favor of abstention. *See, e.g., Allen v Orleans Parish School Board,* 2016 WL 4718429, *1 (E.D. La. Sept. 8, 2016) (finding that third factor weighed in favor of abstention as federal action involved enforcement of settlement agreement reached in pending state court action and "[i]ssues regarding the enforcement of the settlement agreement could be brought in the state court"); *Shermohmad v. New York Life Ins. Co.,* 2006 WL 2513398, *3 & *5 (E.D. La. Aug. 25, 2006) (concluding that third factor favored abstention as there "are additional claims and potentially an additional defendant" in federal action and "the parties and the courts would be faced with piecemeal litigation and the potential for inconsistent judgments").

<u>iv. Order in Which Jurisdiction Was Obtained by the Concurrent Forums</u>

27. Application of the fourth factor turns on the relative progress that has been made in the respective cases. *See Stewart,* 438 F.3d at 492. The Texas lawsuit was filed prior to the Alasksa lawsuit. In contrast, no action has occurred in the Alaska cases. "The apparent absence of any proceedings in the District Court, other than the filing of the complaint," favors abstention. *Colorado River,* 424 U.S. at 820; *see also Stewart,* 438 F.3d at 492-93. Thus, the fourth factor

Richie & Gueringer, P.C.
100 Congress Avenue, Suite 1750
Austin, Texas 78701
Telephone (512) 236-9220, Facsimile (512) 236-9230

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                 Page 15 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 15 of 19

supports abstention in this case. *See Shermohmad,* 2006 WL 2513398, *4.

### v. Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits

28. Federal law does not apply to Plaintiff's claims in this case. Instead, this is a diversity action involving a contractual dispute governed by Texas contract law. Accordingly, the fifth factor, whether and to what extent federal law controls the merits of the decision, weighs in favor of abstention. *See Allen,* 2016 WL 4718429, *3 (concluding that fifth factor weighed in favor of abstention, as plaintiff's "breach of contract claim arises under Louisiana law"); *Gavin v. Minnesota Mut. Life Ins. Co.,* 963 F.Supp. 590, 592 (M.D. La. 1997) (finding that fifth factor mitigated in favor of abstention, as "federal law does not apply in this case since the issues in this case involve a contractual dispute governed by Louisiana contract law and the Louisiana Insurance Code").

### vi. Adequate Protection in State Court

29. The Texas state court proceedings are clearly adequate to protect Plaintiff's rights and dispose of this case. The Texas action remains pending and Plaintiff can file a counterclaim for breach of contract in that action. Indeed, it would be a compulsory counterclaim. However, MDI recognizes that this factor can only be neutral or weigh against abstention. *See Stewart,* 438 F.3d at 493. Accordingly, the sixth factor is neutral in this case. *See Allen,* 2016 WL 4718429,

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK                                                                 Page 16 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 16 of 19

*3 (concluding that sixth factor was neutral); *Shermohmad,* 2006 WL 2513398, *4 (same); *Gavin,* 963 F.Supp. at 592 (finding that "state court proceedings are clearly adequate to protect the federal plaintiff's rights").

30. In sum, four of the *Colorado River* factors weigh in favor of abstention and two are neutral. None of the factors weighs against abstention. The weighing of the factors shows that abstention is warranted in this case. *See Allen,* 2016 WL 4718429 (concluding that abstention was warranted when three factors weighed in favor of abstention, one factor weighed against abstention and two factors were neutral); *Shermohmad,* 2006 WL 2513398, *5 (concluding that abstention was warranted although three factors weighed against abstention, two factors favored abstention and one factor was neutral); *see also Gavin*, 963 F.Supp. 590 (concluding that abstention was warranted "to avoid piecemeal litigation and the waste of judicial resources").

31. This case should be abated under the *Colorado River* abstention doctrine until the conclusion of the Texas Case.

Dated: November 4, 2021 in Austin, Texas.

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK          Page 17 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 17 of 19

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

Respectfully submitted,

RICHIE & GUERINGER, P.C.

By: _____
  Sheldon E. Richie
  State Bar No. 16877000
  srichie@rg-austin.com
  Katherine J. Walters
  State Bar No. 00785174
  kwalters@rg-austin.com
  100 Congress Avenue, Suite 1750
  Austin, Texas 78701
  512-236-9220 telephone
  512-236-9230 facsimile

**ATTORNEYS FOR PLAINTIFF, ADMITTED PRO HAC VICE**

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK    Page 18 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 18 of 19

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of November, 2021, true and correct copy of the foregoing was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

**Attorneys for Plaintiff Rambler Air, LLC**

Rebecca A. Lindemann (rlindemann@richmondquinn.com)
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501

Dieter J. Juedes (dieter.juedes@huschblackwell.com)
Eduardo E. Castro (Eduardo.castro@huschblackwell.com)
511 North Broadway, Suite 1100
Milwaukee, Wisconsin 53202

_____
Heather Crawford, TBLS-BCP
Board Certified Paralegal, Civil Trial Law

RICHIE & GUERINGER, P.C.
100 CONGRESS AVENUE, SUITE 1750
AUSTIN, TEXAS 78701
TELEPHONE (512) 236-9220, FACSIMILE (512) 236-9230

Defendant's Motion to Transfer Venue, or in the Alternative, Motion to Abstain
*Rambler Air, LLC v. Monocoque Diversified Interests, LLC*
Case No. 3:21-cv-00235-JMK    Page 19 of 19

Case 3:21-cv-00235-JMK   Document 9   Filed 11/12/21   Page 19 of 19